1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**
CLERK, U.S. DISTRICT COURT

3/07/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ASI_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>SELENA STEWART,<br>TONY QUEEN, and<br>TOBY BRAZIER,<br><br>　　　　　Defendants. | CR No. 2:25-cr-00157-DSF<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1341: Mail Fraud;<br>18 U.S.C. § 1029(a)(2): Use of<br>Unauthorized Access Devices; 18<br>U.S.C. § 1028A(a)(1): Aggravated<br>Identity Theft; 18 U.S.C. §<br>1029(a)(3): Possession of Fifteen<br>or More Access Devices; 18 U.S.C.<br>§§ 981, 982 and 1029, and 28<br>U.S.C. § 2461(c): Criminal<br>Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH TEN

[18 U.S.C. §§ 1341, 2(a)]

[ALL DEFENDANTS]

A.    INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.    California's Employment Development Department ("EDD") was

the administrator of the unemployment insurance ("UI") benefits

program for the State of California.

2.    On March 13, 2020, the President of the United States declared COVID-19 an emergency under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.  As a result, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which the President signed into law on March 27, 2020.  The CARES Act provided over $2 trillion in economic relief protections to the American people from the public health and economic impacts of COVID-19.

3.    Before the enactment of the CARES Act, to be eligible for UI benefits administered by EDD, a person had to have been employed and worked in California and received at least a certain amount of wages from an employer in the 18 months preceding his/her UI benefits claim.  Because of this requirement, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

4.    The CARES Act established a new program -- Pandemic Unemployment Assistance ("PUA") -- to provide UI benefits during the COVID-19 pandemic to people who did not qualify for regular UI benefits, including business owners, self-employed workers, independent contractors, and those with a limited work history, who were out of business or had significantly reduced their services as a direct result of the pandemic.  UI benefits provided under the PUA program were sometimes referred to as PUA benefits.

5.    Under the PUA provisions of the CARES Act, a person who was a business owner, self-employed worker, independent contractor, or gig worker could qualify for PUA benefits if he/she previously performed such work in California and was unemployed, partially

1  unemployed, unable to work, or unavailable to work due to a COVID-19-

2  related reason.

3       6.    Persons applying for PUA benefits did not need to submit

4  any supporting documents to EDD with their applications.  Claimants

5  reported their total income for the 2019 calendar year on the

6  application.  The stated income was used to calculate the benefits to

7  be paid, which were at least $167 per week.

8       7.    A PUA benefits claimant was required to answer various

9  questions on his/her application to establish his/her eligibility for

10 the benefits.  The claimant was required to provide his/her name,

11 Social Security Number, and mailing address.  The claimant was also

12 required to identify a qualifying occupational status and COVID-19

13 related reason for being out of work.

14      8.    After October 1, 2020, California EDD required UI claimants

15 to verify their identities before a UI claim could be filed online.

16 EDD outsourced the identity verification process to a private vendor

17 called ID.me.  To comply, the claimant was required to visit the EDD

18 website and login to their account.  The claimant was then prompted

19 to login to an ID.me account or to create a new account.  On the

20 ID.me website, claimants were required to submit personally

21 identifiable information -- including their name, date of birth, SSN,

22 email address, and phone number -- for verification.  The claimant

23 was also required to upload a copy of a government ID and a live

24 self-taken photograph (or "selfie") of their face.  ID.me used this

25 information (and other data) to verify the claimant's identity, which

26 was material and essential to the UI application and approval

27 process.  Once a claimant's identity was verified through ID.me, they

28

1  were permitted to re-access their EDD account and complete the UI

2  benefit application process.

3      9.    After it accepted an application for UI benefits, including

4  an application submitted pursuant to the PUA program, EDD typically

5  deposited UI funds every two weeks to an Electronic Bill Payment

6  ("EBP") debit card administered by Bank of America ("BofA"), which

7  the claimant could use to pay for his/her expenses.  The EBP debit

8  card was mailed via the United States Postal Service from BofA to the

9  claimant at the address the claimant provided as his/her mailing

10  address on his/her UI benefits application.

11  B.    THE SCHEME TO DEFRAUD

12      10.   Beginning no later than in or around March 2020, and

13  continuing through at least on or about December 6, 2020, in Los

14  Angeles County, within the Central District of California, and

15  elsewhere, defendants SELENA STEWART, TONY QUEEN, and TOBY BRAZIER,

16  together with each other and others known and unknown to the Grand

17  Jury, each aiding and abetting the other, knowingly and with the

18  intent to defraud, devised, participated in, and executed a scheme to

19  defraud EDD and the United States Treasury as to material matters,

20  and to obtain money and property from EDD and the United States

21  Treasury, namely, UI benefits, including PUA benefits, by means of

22  material false and fraudulent pretenses, representations, and

23  promises, and the concealment of material facts.

24      11.   The fraudulent scheme operated, in substance, as follows:

25          a.    Defendant BRAZIER would obtain personally identifiable

26  information from individuals and provide it to defendant STEWART.

27          b.    Defendant STEWART and QUEEN would file and cause to be

28  filed with EDD fraudulent applications for UI benefits in the names

4

1 of other persons, including persons who had not authorized defendants

2 STEWART and QUEEN to file such applications on their behalf or use

3 their names and other identifying information on such applications.

4          c.    Defendant STEWART and QUEEN, and their co-schemers,

5 would falsely state and represent, and cause to be falsely stated and

6 represented, on the UI benefits applications that were filed with

7 EDD, that the named claimants were individuals whose employment had

8 been negatively affected by the COVID-19 pandemic, thereby triggering

9 eligibility for UI benefits under the PUA provision of the CARES Act.

10          d.    Defendants STEWART and QUEEN, and their co-schemers,

11 would falsely state and represent, and cause to be falsely stated and

12 represented, on the UI benefits applications that were filed with

13 EDD, that the named claimants resided and had worked in the State of

14 California, including in Los Angeles County, within the Central

15 District of California.

16          e.    By falsely stating that the named claimants had worked

17 in the State of California, defendants STEWART and QUEEN, and their

18 co-schemers, falsely represented and caused to be falsely represented

19 that the named claimants were eligible for UI benefits administered

20 by EDD when, as defendants STEWART and QUEEN then knew, they were not

21 eligible for such benefits.

22          f.    As a result of the fraudulent UI benefits applications

23 that defendants STEWART, QUEEN, and BRAZIER, and their co-schemers,

24 filed and caused to be filed, EDD authorized BofA to issue EBP debit

25 cards in the names of dozens of victims.

26          g.    To ensure that they received the UI benefits that were

27 paid as a result of the fraudulent applications, defendants STEWART

28 and QUEEN, and their co-schemers, listed and caused to be listed on

the applications for the UI benefits addresses to which they had access as the mailing addresses for each of the victims.  Defendants STEWART and QUEEN knew that, by doing so, BofA would mail the EBP debit cards issued in the victims' names to these addresses, thereby enabling defendants STEWART and QUEEN to take possession of the EBP debit cards.

        h.    After defendants STEWART and QUEEN received the EBP debit cards issued as a result of the fraudulent UI benefits applications that they and their co-schemers submitted to EDD, defendants STEWART and QUEEN, and their co-schemers, used the debit cards and caused the debit cards to be used to withdraw the UI benefits loaded onto the debit cards by making cash withdrawals at Automated Teller Machines and at banking centers.

    12.    Through this scheme, defendants STEWART, QUEEN, and BRAZIER, and their co-schemers, caused at least approximately 101 fraudulent applications for PUA benefits to be filed with EDD resulting in losses to EDD and the United States Treasury of approximately $1,300,000.

C.    USE OF THE MAILS

    13.    On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendants STEWART, QUEEN, and BRAZIER, together with others known and unknown to the Grand Jury, each aiding and abetting the other, for the purpose of executing the above-described scheme to defraud, knowingly caused the following items to be delivered by the United States Postal Service according to the directions thereon:

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| ONE | 5/19/20 | EBP debit card ending in -1492 in the name of victim J.P. that was mailed by BofA to an apartment in Wilmington, California |
| TWO | 5/29/20 | EBP debit card ending in -3984 in the name of K.M. that was mailed by BofA to an address in Inglewood, California |
| THREE | 6/3/20 | EBP debit card ending in -4825 in the name of victim D.B. that was mailed by BofA to an address in Santa Monica, California |
| FOUR | 7/19/20 | EBP debit card ending in -3722 in the name of victim J.Q. that was mailed by BofA to an apartment in Wilmington, California |
| FIVE | 7/23/20 | EBP debit card ending in -6193 in the name of C.J. that was mailed by BofA to an address in San Marino, California |
| SIX | 7/30/20 | EBP debit card ending in -0067 in the name of S.T. that was mailed by BofA to an address in Harbor City, California |
| SEVEN | 8/19/20 | EBP debit card ending in -0159 in the name of victim C.T. that was mailed by BofA to an address in Santa Monica, California |
| EIGHT | 8/20/20 | EBP debit card ending in -2370 in the name of victim K.M. that was mailed by BofA to an address in Inglewood, California |
| NINE | 8/20/20 | EBP debit card ending in -8847 in the name of victim S.R. that was mailed by BofA to an address in Inglewood, California |
| TEN | 9/06/20 | EBP debit card ending in -8444 in the name of victim M.H. that was mailed by BofA to an apartment in Wilmington, California |

COUNT ELEVEN

[18 U.S.C. § 1029(a)(2)]

[DEFENDANT STEWART]

14.  Beginning on or about March 2020, and continuing through on or about December 6, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant SELENA STEWART, in transactions affecting interstate and foreign commerce, knowingly and with intent to defraud, used unauthorized access devices, as defined in Title 18, United States Code, Sections 1029(e)(1) and (3), specifically, the following debit card account numbers issued in the names of the persons identified below, which debit card account numbers were obtained with intent to defraud, and by such conduct obtained things of value, their value together totaling $1,000 or more:

| UNAUTHORIZED ACCESS DEVICE | ISSUED TO |
| --- | --- |
| BofA account number ending in -8444 | M.H. |
| BofA account number ending in -2370 | K.M |
| BofA account number ending in -8847 | S.T. |
| BofA account number ending in -6193 | C.J. |

COUNTS TWELVE AND THIRTEEN

[18 U.S.C. §§ 1028A(a)(1), 2(a), 2(b)]

[DEFENDANT STEWART]

On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant SELENA STEWART, and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly used, and willfully caused to be used, without lawful authority, the means of identification set forth below that defendant STEWART knew belonged to another person, during and in relation to the commission of the following felony offenses:

| COUNT | DATE | MEANS OF IDENTIFICATION | FELONY VIOLATION |
|-------|------|-------------------------|------------------|
| TWELVE | 8/20/20 | Name and Social Security Number of K.M. | COUNT EIGHT |
| THIRTEEN | 9/6/20 | Name and Social Security Number of M.H. | COUNT TEN |

COUNT FOURTEEN

[18 U.S.C. § 1029(a)(3)]

[DEFENDANT STEWART]

Beginning on or about May 27, 2020, and continuing through on or about December 10, 2020 in Los Angeles County, within the Central District of California, defendant SELENA STEWART knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1) and (3)), namely, approximately 30 Electronic Benefit Transfer ("EBT") account numbers, all issued to persons other than defendant STEWART, with said possession affecting interstate and foreign commerce.

1                    FORFEITURE ALLEGATION ONE

2            [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3       1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 981(a)(1)(C) and Title 28, United States

7   Code, Section 2461(c), in the event of the defendant's conviction of

8   the offenses set forth in any of Counts One through Ten and Twelve

9   through Thirteen of this Indictment.

10      2.    The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12           (a)   All right, title, and interest in any and all

13  property, real or personal, constituting, or derived from, any

14  proceeds traceable to any of the offenses; and

15           (b)   To the extent such property is not available for

16  forfeiture, a sum of money equal to the total value of the property

17  described in subparagraph (a).

18      3.    Pursuant to Title 21, United States Code, Section 853(p),

19  as incorporated by Title 28, United States Code, Section 2461(c), the

20  defendant, if so convicted, shall forfeit substitute property, up to

21  the value of the property described in the preceding paragraph if, as

22  the result of any act or omission of the defendant, the property

23  described in the preceding paragraph or any portion thereof (a)

24  cannot be located upon the exercise of due diligence; (b) has been

25  transferred, sold to, or deposited with a third party; (c) has been

26  placed beyond the jurisdiction of the court; (d) has been

27  substantially diminished in value; or (e) has been commingled with

28  other property that cannot be divided without difficulty.

                                   11

1                    FORFEITURE ALLEGATION TWO

2                    [18 U.S.C. §§ 982 and 1029]

3        1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States will seek

5    forfeiture as part of any sentence, pursuant to Title 18, United

6    States Code, Sections 982(a)(2) and 1029, in the event of the

7    defendant's conviction of the offenses set forth in any of Counts

8    Eleven and Fourteen of this Indictment.

9        2.    The defendant, if so convicted, shall forfeit to the United

10   States of America the following:

11            (a)   All right, title, and interest in any and all

12   property, real or personal, constituting, or derived from, any

13   proceeds obtained, directly or indirectly, as a result of the

14   offense;

15            (b)   Any personal property used or intended to be used to

16   commit the offense; and

17            (c)   To the extent such property is not available for

18   forfeiture, a sum of money equal to the total value of the property

19   described in subparagraphs (a) and (b).

20       3.    Pursuant to Title 21, United States Code, Section 853(p),

21   as incorporated by Title 18, United States Code, Sections 982(b)(1)

22   and 1029(c)(2), the defendant, if so convicted, shall forfeit

23   substitute property, up to the total value of the property described

24   in the preceding paragraph if, as the result of any act or omission

25   of the defendant, the property described in the preceding paragraph,

26   or any portion thereof: (a) cannot be located upon the exercise of

27   due diligence; (b) has been transferred, sold to or deposited with a

28   third party; (c) has been placed beyond the jurisdiction of the

                                  12

1    court; (d) has been substantially diminished in value; or (e) has

2    been commingled with other property that cannot be divided without

3    difficulty.

4

5                                      A TRUE BILL

6

7                                      /S/_____

8                                      Foreperson

9    JOSEPH T. MCNALLY
     Acting United States Attorney
10

11   LINDSEY GREER DOTSON
     Assistant United States Attorney
     Chief, Criminal Division
12

13

14   FRANCES S. LEWIS
     Assistant United States Attorney
15   Chief, General Crimes Section

16   BENEDETTO L. BALDING
     Assistant United States Attorney
17   Corporate and Securities Fraud
     Strike Force
18

19   CLIFFORD D. MPARE
     Assistant United States Attorney
20   General Crimes Section

21

22

23

24

25

26

27

28